LINA STILLMAN, ESQ
TONEILLE RAGLAN, ESQ
STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

LIDIA HERNANDEZ                                                    **UNDER 29 U.S.C.§ 216(b)**

                                                                                                                                            **COMPLAINT**

                                  *Plaintiff,*

  -against-

BROADWAY PARK LAUNDROMAT INC. (DBA
MISS BUBBLES LAUNDROMAT) and IGOR
BIRZH

                              *Defendants.*
-----------------------------------------------------------------X

Plaintiff LIDIA HERNANDEZ individually by and through her attorneys, Stillman Legal P.C., allege upon her knowledge and belief, and as against BROADWAY PARK LAUNDROMAT INC., (together, hereinafter "Miss Bubbles Laundromat" Or "Defendant Corporation") IGOR BIRZH (each an "Individual Defendant") collectively with Defendant Corporations, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1) Plaintiff were employees of Defendants BROADWAY PARK LAUNDROMAT INC. (DBA Miss Bubbles Laundromat) and IGOR BIRZH.

2) Defendants own, operate or control a diversified private managing buildings business

involved in the ownership, management, and development of a laundromat, Plaintiff worked in 4710 Broadway New York, NY 10040 under the name "MISS BUBBLES LAUNDROMAT".

3) Upon information and belief, Individual Defendants IGOR BIRZH serve or served as owner, manager, principle, or agent of Defendants MISS BUBBLES LAUNDROMAT, and through the corporate entity operates or operated the managing buildings business firm as a joint or unified enterprise.

4) Plaintiff was an employee of the Defendants. She was primarily employed as a Clerk (assist customers, wash clothes, and clean) at one of the buildings that the Defendants own.

5) Plaintiff worked for Defendants from 2016 until 2020. However, from 2016 until 2017, she worked in excess of (48) forty-eight hours per week. In 2019 she started working approximately (43) forty-three hours per week. In 2020, Plaintiff worked 25 hours per week without appropriate compensation for the hours over 40 (See Exhibits).

6) Plaintiff now brings this action on behalf of herself, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§ 201 *et seq*.("FLSA"), and for violations of the N.Y. Lab.Law §§ 190 *et seq*.and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y.COMP.CODES R.& REGS. tit.12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

7) This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28 U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question). Supplemental

jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C.§ 1367(a).

8) Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

9) Defendants maintain their company headquarters and offices within this district, and Defendants operate one managing building business located in this district. Further, Plaintiff was employed by Defendants in this District.

## **PARTIES**
*Plaintiff*

10) Plaintiff LIDIA HERNANDEZ was employed by the Defendants from approximately November 2016 until 2020, in one of the buildings owned by the Defendants located at 4710 Broadway New York, NY 10040.

*Defendants*

11) Defendants own, operate, or control a laundromat. One of them at 4710 Broadway New York, NY 10040 under the name "MISS BUBBLES LAUNDROMAT" at all times relevant to this complaint.

12) Upon information and belief, BROADWAY PARK LAUNDROMAT INC. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal places of business at properties 4710 Broadway New York, NY 10040.

13) Upon information and belief, Defendant IGOR BIRZH is an individual engaging (or who was engaged) in business with this district during the relevant time. Defendant is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant IGOR BIRZH possess or possessed operational control over Defendant Corporations,

an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant IGOR BIRZH determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

14) Defendants operate a laundromat buildings business establishment in the Southern District of New York.

15) Defendants maintain as their principal place of business a centralized office, located at 301 Broadway, Lynbrook, NY 11563. Individual IGOR BIRZH possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

16) Upon information and belief, Defendants IGOR BIRZH serve or served as the owners of Defendant Corporation.

17) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

18) Defendants possess or possessed substantial control over the Plaintiff (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

19) Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff (and all similarly situated individuals') employers within the meaning of 29 U.S.C.201

*et seq.*and the New York Labor Law.

20) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

21) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of their employment and determine the rate and method of any compensation in exchange for Plaintiff's services.

*Individual Plaintiff*

22) The Plaintiff was an employee of the Defendants and was primarily employed to assist customers, wash clothes, and clean.

*Plaintiff HERNANDEZ*

23) Plaintiff HERNANDEZ worked for Defendants from approximately November 2016 until 2020.

24) Plaintiff HERNANDEZ's duties were to assist customers, wash clothes, and clean.

25) Plaintiff was told that she would work a full-time schedule of (40) forty hours. However, she actually worked (48) forty-eight hours between 2016 and 2017 without appro

26) Plaintiff HERNANDEZ's work duties required neither discretion nor independent judgment.

27) Throughout her employment with Defendants, Plaintiff HERNANDEZ regularly worked in excess of forty (40) hours per week.

28) Plaintiff is non-exempt under the NYLL. Among other things, Plaintiff HERNANDEZ did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff's employment for Defendants was physical labor.

29) Defendants paid Plaintiff $7.75 from 2016 until 2018. In 2019, her salary was raised to $13.50 per hour, and in 2020 it was raised to $15 per hour.

30) From 2016 until 2017, Plaintiff worked 48 hours. In 2019, Plaintiff worked 43 hours per week. In 2020, Plaintiff worked 25 hours per week.

31) Plaintiff was not required to punch in or out. However, Plaintiff was required to sign a document in order to receive her check every week.

32) Defendants did provide a statement of wages but the paystub never indicated the correct amount of hours that Plaintiff did work. Defendants did not provide Plaintiff with each payment an accurate statement of wages, as required by NYLL 195(3).

33) Defendants never provided Plaintiff with a written notice, in English and in Spanish (Plaintiff Hernandez's primary language), of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

34) Plaintiff is a person covered by, and or intend to benefit from, the provisions of New York Labor Law, in respect to the work she provides for the Defendants.

35) Plaintiff regularly worked in excess of 40 hours per week but is not paid for all the hours she worked, or the proper overtime rate under New York State law and the wage orders promulgated thereunder.

*Defendants' General Employment Practices*

36) Defendants' pay practices resulted in Plaintiff not receiving payments for all her hours

worked, resulting in Plaintiff effective rate of pay falling below the required minimum and overtime wage rate.

37) Plaintiff has been victim of Defendants' common policy and practices violating her rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she had worked.

    a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

    b. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

    c. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

    d. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

    e. Defendants did not provide Plaintiff with any document or other statement accurately accounting for her actual hours worked and setting forth rate of minimum wage and overtime wage.

    f. Defendants did not provide Plaintiff with any break periods.

## FIRST CAUSE OF ACTION
### (Violation of FLSA Minimum Wage and Overtime)

38) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

39) At all times relevant to this action, Defendants were Plaintiff ' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

40) At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

41) Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

42) Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

43) Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

44) Defendants acted willfully in their violations of the FLSA's requirements.

45) Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Violation of the Overtime/Unpaid Wages /Spread-of-Hours-Pay /Wage Statement Provisions of NYLL/)

46) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47) At all times relevant to this action, Defendants were Plaintiff' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

48) Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

49) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

50) Plaintiff was damaged in an amount to be determined at trial.

51) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52) Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff ' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

53) Plaintiff was damaged in an amount to be determined at trial.

54) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55) Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff ' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

56) Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorney's fees.

57) Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

58) Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

59) Defendants acted willfully in his violation of the above-described NYLL requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

    a. Designating this action as an individual action and authorizing prompt issuance of notice pursuant to 29 U.S.C.§ 216(b)

    b. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff ;

    b. Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

    c. Declaring that the Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

    d. Awarding Plaintiff damages for unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    e. Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper

deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

      f. Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff.

      g. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

      h. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

      i. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

      j. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

      k. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

      l. All such other and further relief as the Court deems just and proper.

      m. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of their respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

      n. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

   o. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

   p. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

   q. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
June 15, 2022

         STILLMAN LEGAL PC

       By: /s/Lina Stillman
         Stillman Legal, PC
         42 Broadway, 12th Floor
         New York, New York 10004
         Telephone: (212) 203-2417
         *Attorneys for Plaintiff*